UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GODFREY D. HENNEGHAN,** | : |
| Plaintiff, | : |
| v. | : Civ. No. 07-2173 (HHK) |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant District of Columbia Public Schools ("DCPS"), by counsel and pursuant to Federal Rules of Civil Procedure 12(b) (1) and (6), respectfully moves this Honorable Court to dismiss the above captioned complaint. As grounds thereof, defendant states the following: (1) plaintiff has failed to state a claim for which relief can be granted; (2) this honorable Court lacks subject matter jurisdiction; and (3) defendant DCPS is *non sui juris*.

In further support of its Motion, defendant respectfully refers the Court to the attached Memorandum of Points and Authorities.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Edward P. Taptich
    EDWARD P. TAPTICH [012914]
    Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov

March 21, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GODFREY D. HENNEGHAN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 07-2173 (HHK) |
| DISTRICT OF COLUMBIA PUBLIC SCHOOLS, | : |
| Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Preliminary Statement.**

On December 3, 2007, plaintiff filed the instant lawsuit against the District of Columbia Public Schools ("DCPS") pursuant to The Americans with Disability Act ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C Sec. 794. (Complaint par. 1) Plaintiff's Complaint contains 112 numbered paragraphs, which appear to allege that plaintiff's son, a learning disabled student, has been denied a free and appropriate public education ("FAPE") because DCPS failed to implement the student's individualized education plan ("IEP") during the 2004-2005 school year. (Complaint at paragraphs 23, 35, 45, 47, 63, 64, 79, 80) Plaintiff appears to allege further that this denial of a FAPE constitutes discrimination on the part of DCPS because of the student's disability. (Complaint at par. 34, 61) The Complaint does not contain any allegations of a violation of the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. Sec.

1400 *et. seq.* As shown below, plaintiff's complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed.

## ARGUMENT

**I.      Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(b)(6).**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S.232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41-56-46 (1957) and citing *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987).

**II.     The District of Columbia Public Schools is Non Sui Juris.**

The only defendant named in plaintiff's Complaint is DCPS. However, DCPS is *non sui juris*. It is well-established that a governmental entity, or one of its parts, may neither sue nor be sued in the absence of a statutory provision to that effect. *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Trifax Corp. v. District of Columbia,* 53 F. Supp.2d 20, 26 (D.D.C. 1999); *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216-217 (D.C. 1978). As the *Braxton* Court held, "A non corporate department or other body within a

4

municipal corporation is not *sui juris*. Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities." *Braxton,* 396 A.2d at 216 (internal citations omitted); *see also Simmons v. D.C. Armory Bd.,* 656 A.2d 1155, 1156-57 (D.C. 1995); *Group Health Association v. D.C. General Hospital,* 540 A.2d 1101 (D.C. 1988); *Ray v. District of Columbia*, 535 A.2d 868, 870 n.2 (D.C. 1987); *Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974); *Dunmore v. District of Columbia*, 662 A.2d 1356 (D.C. 1995); *Roberson v. District of Columbia Bd. of Higher Education*, 359 A.2d 28 (D.C. 1976). Since there is no legislation endowing the District of Columbia Public Schools with the capacity to sue or be sued, DCPS is not a proper party to this suit.

### III. **Plaintiffs Have not Stated a Claim Under Section 504 of the Rehabilitation Act or Under the Americans With Disabilities Act.**

Section 504 of the Rehabilitation Act, intended to bar employment discrimination against handicapped individuals under federally financed programs, e.g., *Consolidate Rail Corp. v. Darrone*, 465 U.S. 624, 626, 104 S. Ct. 1248, 79 L. Ed. 2d 568 (1984), is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action.

Nonetheless, even if Section 504 were deemed relevant, to state a claim under that statute, plaintiff must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. *See also Lavon Savoy-Kelly v. Eastern High School*, Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). To show such a violation of the Rehabilitation Act, where plaintiff is alleging a denial of a FAPE, plaintiff must demonstrate "something more than a mere failure to provide the "free and appropriate education." *Lunceford v. District of*

5

*Columbia Board of Ed.*, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d at 1170-71 (8th Cir. 1982)).  Hence, plaintiff must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" *Monahan,* 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, plaintiff's Complaint appears to allege that his child is not receiving the specialized instruction called for in his August 26, 2004, individualized education plan ("IEP") (Complaint at paragraphs 13-16); that his child was discriminated and retaliated against, when plaintiff was not informed of a change in time – due to a forecast of a snowstorm -- of a play in which his child was performing until shortly before it began, causing plaintiff to miss the play (Complaint at 25); and that a multidisciplinary team meeting ("MDT") notice was sent to a wrong address (Complaint at paragraphs 57-60).  The Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504.

The Americans With Disabilities Act ("ADA") is also concerned with discrimination in employment.  The ADA prohibits covered employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C Sec. 12112(a).

In order to make out a prima facie case under the ADA, a plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the

6

[defendant] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position sought; and (4) that the [defendant] refused to make such accommodations." *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 5 (2d Cir. 1999) (citing *Stone v. City of Mount Vernon,* 118 F.3d 92, 96-97 (2d Cir. 1997), *cert. denied,* 552 U.S. 1112 (1998)). This is not a case concerning employment discrimination, nor is there any mention of such in the Complaint.

### IV. Even if Deficiencies in the Jurisdictional Basis of the Complaint Were Ignored, Plaintiff Has Failed to Exhaust His Administrative Remedies.

While the Complaint does not contain any allegations of a violation of the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. Sec. 1400 *et. seq.*, it does assert that DCPS has denied the student a FAPE, apparently by failing to implement an August 26, 2004, IEP. (Complaint at paragraphs 64, 10-19). Plaintiff also appears to be challenging the propriety of the convening of an MDT meeting in December, 2006 (Complaint at paragraphs 51-55) and in September 2007 (Complaint at paragraphs 57-59). In those respects, plaintiff could have sought relief pursuant to the IDEIA, which provides specific administrative procedures for addressing such issues. *See* 20 U.S.C. Sections 1415(b)(6) and 1415 (f)(1), which entitle a parent who believes his child has been denied a FAPE to file a due process complaint, with the opportunity to have an impartial due process hearing before an administrative hearing officer. A parent who disagrees with the administrative due process hearing officer's decision may then bring a civil action in either state or federal court. 20 U.S.C. Sec. 1415(i)(2)(A).

Here, not only does the Complaint not identify IDEIA as a jurisdictional basis for this action, it does not assert that any of the procedures prescribed by the statute have

7

been satisfied. Consequently, this Court does not have jurisdiction to consider such matters in the first instance.

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990…the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.

20 U.S.C. Sec. 1415(l). In situations where exhaustion of the IDEIA's administrative remedies is mandated, the failure to do so deprives this court of subject matter jurisdiction over the plaintiff's claims. *Hope v. Cortines*, 69 F.3d 687,688 (2d Cir. 1995).

## CONCLUSION

This honorable Court should dismiss plaintiff's Complaint on the grounds that the only named defendant, DCPS, is *non sui juris.* Additionally, the Complaint fails to state a claim upon which relief can be granted and this Court lacks subject matter jurisdiction over it. The Complaint contains only two counts citing jurisdictional authority -- the Americans with Disability Act, 42 U.S.C. 1231 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 701 et seq. However, the Complaint does not contain any allegations sufficient to establish a prima facie case pursuant to either of these statutes. Nor does the Complaint establish that the plaintiff has exhausted his administrative remedies. For these reasons, and those stated above, this Court should dismiss plaintiff's Complaint.

                Respectfully submitted,

                PETER J. NICKLES
                Interim Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General, Civil Litigation Division

                    /s/ Edward P. Taptich
                    EDWARD P. TAPTICH [012914]
                    Chief, Equity, Section 2

                    /s/ Maria L. Merkowitz
                    MARIA L. MERKOWITZ [312967]
                    Senior Litigation Counsel
                    441 4th Street, N.W.
                    Sixth Floor South
                    Washington, DC 20001
                    (202) 442-9842
                    E-mail – maria.merkowitz@dc.gov

March 21, 2008