**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GODFREY D. HENNEGHAN,** | : |
| Plaintiff, | : |
| v. | : Civ. No. 07-2173 (HHK) |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** | : |
| Defendant. | : |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS.

On March 21, 2008, defendant District of Columbia Public School ("DCPS") filed a Motion to Dismiss in the above captioned case, on the grounds that the Complaint, which appears to allege that plaintiff's minor son was denied a free appropriate public education ("FAPE"), failed to state a claim upon which relief could be granted. DCPS, the only name defendant, is *non suis juris;* plaintiff has failed to exhaust his administrative remedies under the Individual With Disabilities Education Improvement Act of 2004, 20 U.S.C. Sections 1415 (b)(6) and 1415 (f)(1); and plaintiff has failed to make out a *prima facie* case under either Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794, or The Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12101 *et. seq.*

On May 12, 2008, plaintiff filed a "response" to defendant's Motion to Dismiss in which he fails to address defendant's arguments, but rather reiterates much of what was previously outlined in his Complaint. Plaintiff again alleges that his son was allegedly discriminated against because DCPS failed to implement a number of his Individualized

Education Plans ("IEP") (Motion at 40). However, nowhere does plaintiff state that he sought an administrative due process hearing to rectify any alleged wrongdoings as required by the IDEIA. Accordingly, plaintiff has failed to establish that he exhausted his administrative remedies under that act. Plaintiff continues to claim that his son was discriminated against under Section 504 of the Rehabilitation Act and the ADA, which as previously set forth in defendant's Motion to Dismiss, are inapplicable to the alleged facts in this case. (Motion at 5-6)

> The Rehabilitation Act of 1973 establishes a comprehensive federal program aimed at improving the lot of the handicapped. Among its purposes, as originally stated, were to 'promote and expand <u>employment opportunities</u> in the public and private sectors for handicapped individuals and to place such individuals in employment.' <u>29 U.S.C. Sec. 701(8)</u>…. [A]pplication of Section 504 to all programs receiving federal financial assistance fits the remedial purpose of the Rehabilitation Act to 'promote and expand <u>employment opportunities</u>' for the handicapped. <u>29 U.S.C. Section 701 (8).</u> *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 626, 634 (1984). (Emphasis added)

This is not a case where plaintiff is alleging that his minor son was discriminated against in any type of employment setting and, accordingly, any allegations made pursuant to Section 504 should be dismissed. However, even if Section 504 were found to be applicable to the facts of this case, plaintiff must demonstrate "something more than a mere failure to provide the "free and appropriate education." *Lunceford v. District of Columbia Board of Ed.*, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d at 1170-71 (8th Cir. 1982)). Plaintiff must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" *Monahan,* 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals"). As no allegations of gross misjudgment or bad faith on

2

the part of DCPS officials are present in the Complaint, all allegations under Section 504 must be dismissed.

Likewise all allegations under the ADA must be dismissed. As previously stated in defendant's Motion to Dismiss (Motion at 6-7), the ADA prohibits covered employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C Sec. 12112(a). The ADA is concerned with employment discrimination, not a denial of FAPE. Accordingly, all allegations made under this act must be dismissed.

                Respectfully submitted,

                PETER J. NICKLES
                Interim Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                /s/ Edward P. Taptich
                EDWARD P. TAPTICH [012914]
                Chief, Equity, Section 2

                /s/ Maria L. Merkowitz
                MARIA L. MERKOWITZ [312967]
                Senior Litigation Counsel
                441 4th Street, N.W.
                Sixth Floor South
                Washington, DC 20001
                (202) 442-9842
                E-mail – maria.merkowitz@dc.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, was filed electronically on May 19, 2008, and was also mailed, postage first class to:

Godfrey D. Henneghan
5814 Clay Street, N.E.
Washington DC 20019

                              s/Maria Merkowitz
                              MARIA MERKOWITZ
                              Senior Assistant Attorney General

May 19, 2008