UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GODFREY D. HENNEGHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br><br>    Defendant. | Civil Action No. 07-2173 (HHK) |

### MEMORANDUM OPINION AND ORDER

Defendant has moved to dismiss the *pro se* complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff opposes the motion and restates in detail the factual allegations supporting his claims. Because the defendant's motion to dismiss lacks merit in law and fact, it will be denied.

### BACKGROUND

The plaintiff, proceeding *in forma pauperis* and *pro se*, filed a complaint against the District of Columbia Public Schools ("DCPS") for "discrimination and retaliation . . . on the basis of disability in violation of . . . the Rehabilitation Act of 1973 . . . , and the Americans with Disabilities Act of 1990, . . . for failing to provide a Free and Public Education (FAPE)" to the plaintiff's 13-year-old learning disabled son, a student enrolled in DCPS. Compl. ¶ 1. The complaint further states that the suit is brought under Titles IV and VII of the Civil Rights Act of 1964 and the Equal Educational Opportunities Act of 1974. *Id.* The complaint presents detailed factual allegations in its 89 numbered paragraphs. Briefly summarized, the complaint alleges that DCPS discriminated against the plaintiff's son on the basis of his disability by its failure

-2-

over multiple school years to provide a FAPE to the plaintiff's learning-disabled son as required by law and as expressly agreed upon in writing by DCPS professionals at more than one point. *See id.* ¶¶ 9-11, 36-44, 47-49, 63-64, 88-89.  The complaint repeatedly characterizes the failures of the DCPS to provide the agreed upon FAPE as "gross negligence" on the part of the DCPS. *Id.* ¶¶ 64, 67.  The complaint also sets forth factual allegations in support of plaintiff's retaliation claim.  These facts include (1) repeated failures to respond to calls and correspondence from the plaintiff, (2) sending notices to plaintiff with deadlines for plaintiff's response after the deadline has passed, (3) sending notices to plaintiff at the wrong address and questioning whether the plaintiff is a resident in the absence of any apparent reason for doing so, (4) refusing to meet with plaintiff pursuant to plaintiff's specific requests, (5) taking drastic action before a noticed deadline had passed, and (5) providing inaccurate information to plaintiff about other matters. *See id.* ¶¶ 25-27, 30, 57, 59, 68-77, 84-87.

The defendant argues that the complaint should be dismissed because it names the DCPS as the sole defendant and the DCPS is not an entity that may be sued in its own name.  *See* Def.'s Mot. to Dismiss at 4-5.  Further, the defendant argues that because "the Rehabilitation Act[] intended to bar employment discrimination against handicapped individuals under federally financed programs . . . [it] is wholly irrelevant here[,]" *id.* at 5, and in any case, the plaintiff must — but did not — show that the discrimination was "solely by reason of" the handicap, *id.* at 5, and "show '[e]ither bad faith or gross misjudgment," *id.* at 6 (quoting *Monahan v. Nebraska,* 687 F.2d 1164, 1170-71 (8th Cir. 1982)).  Similarly, the defendant argued the American with Disabilities Act is "concerned with discrimination in employment" *id.* at 6, and that "[t]his is not a case concerning employment discrimination, nor is there any mention of such in the

-3-

Complaint," *id.* at 7.  The defendant makes no argument with respect to any claims plaintiff alleged under the Title VII of the Civil Rights Act or the Equal Educational Opportunities Act. Instead, the defendant contends that if the plaintiff had brought claims under the Individuals with Disabilities Education Improvement Act, his failure to first exhaust the administrative remedies required under that scheme would bar this suit.  *Id.* at 7-8.

## DISCUSSION

A court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  A court considering such a motion to dismiss must assume that all factual allegations are true, even if they are doubtful.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, - - , 127 S. Ct. 1955, 1965 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged").  A court need not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276.  In deciding a motion brought under Rule 12(b)(6), a court is limited to considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).  A *pro se* complaint is entitled to liberal construction and is not held to the same standards as is a formal pleading drafted by a person trained in law.  *Haines v. Kerner,*  404 U.S. 519, 520 (1972).

-4-

Here, the defendant correctly argues that the plaintiff named a defendant, the DCPS, that cannot be sued in its own right. However, because a *pro se* complaint is entitled to liberal construction, and because the entity that stands behind the DCPS, the District of Columbia, has been served with and has actual notice of the summons and complaint, the Court, *sua sponte,* will construe the defendant to be the District of Columbia, and will substitute the District as defendant in place of its agency the DCPS.

The defendant's argument that the Americans with Disabilities Act and the Rehabilitation Act provide remedies only for wrongs arising in employment situations is simply a gross misstatement of the law. *See* Reply at 2 ("the Rehabilitation Act and the ADA, . . . as previously set forth in defendant's Motion to Dismiss [at 6-7], are inapplicable to the alleged facts in this case."). Both the Rehabilitation Act and the Americans with Disabilities Act provide a cause of action in non-employment situations, and case law from this jurisdiction has made clear that it can provide a cause of action for public school students denied a FAPE. *See, e.g., Alston v. District of Columbia,* 561 F. Supp. 2d 29 (D.D.C. 2008); *Rempson v. District of Columbia,* 524 F. Supp. 2d 35 (D.D.C. 2007); *Hinson v. Merritt Educ. Ctr.,* 521 F. Supp. 22 (D.D.C. 2007); *R.S. v. District of Columbia,* 292 F. Supp. 2d 23 (D.D.C. 2003).[1] The defendant's assertion that the plaintiff did not allege that the discrimination was based solely on his son's disability is incorrect. *See* Compl. ¶ 96 ("The Defendant DCPS has discriminated against [the son] solely by reason of his disability by excluding him from and denying him participation in a federally funded program."). The defendant's contention that the complaint does not allege bad faith or gross misjudgment is also not supported by a fair reading of the complaint. The factual allegations in this complaint expressly allege "gross negligence," *id.* ¶¶ 64, 67, and the nature of

---

[1] The defendant cited one of these cases, apparently without appreciating its content.

-5-

the facts alleged yield a reasonable inference of bad faith and gross misjudgment, if, indeed, there is any difference between gross misjudgment and gross negligence in this context. For these reasons, the defendant's motion to dismiss the claims brought under the Rehabilitation Act and the Americans with Disability Act will be denied, and the case will proceed on those claims.[2]

The defendant's contention that plaintiff failed to exhaust his administrative remedies under the Individuals with Disabilities Education Improvement Act is gratuitous and ineffective, as the plaintiff did not bring this action under that act, but under other federal law. The defendant failed entirely to address plaintiff's claims under Titles IV and VII of the Civil Rights Act of 1964 and the Equal Educational Opportunity Act of 1974. Title IV addresses "special educational problems," but only insofar as those problems are "occasioned by desegregation." 42 U.S.C. § 2000c-2. It does not use the term "special education" as that term is used in association with students who have extraordinary educational needs. Neither Title VII of the Civil Rights Act nor the Equal Educational Opportunity Act of 1974 addresses disability discrimination, and therefore, the plaintiff's factual allegations of disability discrimination do not state a claim upon which relief may be granted as to those causes of action. As the facts alleged in the complaint do not support claims under either the Civil Rights Act of 1964 or the Equal Educational Opportunity Act of 1974, the Court will *sua sponte* dismiss any claims alleged under those acts.

CONCLUSION AND ORDER

For the reasons stated, the defendant's motion to dismiss the complaint will be denied. On the court's own authority, the claims under Titles IV and VII of the Civil Rights Act of 1964

---

[2] Should the plaintiff desire the assistance of counsel appointed from the Court's Civil Pro Bono Panel, *see* Local Civil Rule 83.11, the plaintiff may so indicate by filing an appropriate motion for the Court's consideration.

-6-

and the Equal Educational Opportunity Act of 1974 will be dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g)(2)(B)(ii).  Accordingly, it is hereby

ORDERED that the defendant's motion to dismiss the complaint be, and hereby is DENIED.  It is further

ORDERED that the claims, if any, brought under Titles IV and VII of the Civil Rights Act of 1964 and the Equal Educational Opportunity Act of 1974 be, and hereby are, DISMISSED, *sua sponte*.  It is further

ORDERED that, within the time prescribed by the Federal Rules of Civil Procedure, the defendant shall file its answer to the surviving disability and retaliation claims.

Date:  February 12, 2009

/s/
Henry H. Kennedy, Jr.
United States District Judge