UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
_____

GODFREY D. HENNEGHAN, individually
and on behalf of his minor child, M.H.; and
M.H., a minor, by his father, Godfrey D.
Henneghan,

                                **Plaintiffs,**

                                **v.**                                1:07-CV-2173
                                                                      (FJS/AK)

DISTRICT OF COLUMBIA,

                                **Defendant.**
_____

**APPEARANCES**                                         **OF COUNSEL**

**PATTON BOGGS LLP**                    **EDWARD D. GEHRES, ESQ.**
2550 M Street, NW                           **THOMAS M. GUIFFRE, ESQ.**
Washington, D.C. 20037               **BARRY E. REIFERSON, ESQ.**
Attorneys for Plaintiffs

**OFFICE OF THE ATTORNEY**       **VERONICA A. PORTER, AAG**
**GENERAL FOR THE DISTRICT**      **ERICA T. MCKINLEY, AAG**
**OF COLUMBIA**
441 Fourth Street, NW
Washington, D.C. 20004
Attorneys for Defendant

**SCULLIN, Senior Judge**

### ORDER[1]

      Currently before the Court is Defendant's motion to dismiss Plaintiff's amended complaint, *see* Dkt. No. 55.[2]

---

[1] The Court held a status conference with counsel on March 14, 2012, to discuss the status of this case in general and this motion in particular.

[2] There are two discovery-related motions pending: (1) Defendant's motion for a

(continued...)

In their amended complaint, Plaintiffs assert that Defendant discriminated against Plaintiff M.H. on the basis of his disability and retaliated against Plaintiff Godfrey Henneghan for engaging in protected activities on behalf of Plaintiff M.H. in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Specifically, in Count 1 of their amended complaint, Plaintiffs allege that "Defendant, solely by reason of M.H.'s disability, excluded M.H. from participation in, and denied him the benefits of District of Columbia programs and services in violation of his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-33." *See* Amended Complaint at ¶ 95. Plaintiffs further contend that "Defendant's discrimination against M.H. on the basis of his disability was either in bad faith or as a result of gross misjudgment." *See id.* at ¶ 96. Finally, Plaintiffs assert that, "[a]s a direct result of Defendant's actions, M.H. has been deprived of the public educational services offered to children without disabilities in the most integrated setting appropriate to his needs . . . [and] has suffered academic and developmental delays . . . ." *See id.* at ¶¶ 97-98.

In Count 2 of their amended complaint, Plaintiffs allege that "Defendant intentionally, in bad faith, or as a result of gross misjudgment, excluded M.H. from participating in and denied him the benefits of DCPS educational programs and services solely because of his disability, in violation of his rights under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794." *See id.* at

---

²(...continued)
protective order, *see* Dkt. No. 32, and Plaintiffs' motion for an order requiring Defendant to preserve all records reasonably subject to discovery in this action and an order lifting the stay of discovery for the limited purpose of conducting discovery regarding possible spoliation of evidence, *see* Dkt. No. 70. The Court recently referred all discovery matters, including these pending motions, to Magistrate Judge Kay for disposition.

¶ 103.  Furthermore, Plaintiffs contend that, "[a]s a direct result of Defendant's actions through DCPS, Defendant has deprived M.H. of equal access to public education as it is offered to children without disabilities . . . [and] M.H. has suffered academic and developmental delays . . . ." *See id.* at ¶¶ 104-105.

Finally, in Count 3 of their amended complaint, Plaintiffs allege that Defendant retaliated against Plaintiff Godfrey Henneghan.  Specifically, Plaintiffs state that

> Plaintiff Godfrey Henneghan engaged in protected activities, vis. aiding and encouraging M.H. in the exercise and enjoyment of M.H.'s rights as a child with disabilities to participate in DCPS educational services, programs and benefits, and by advocating for M.H.'s equal access to public education through working with teachers, voicing concerns formally and informally, attempting to resolve differences with DCPS, and ultimately protecting M.H.'s rights by pursuing complaints with OCR and this Court.

*See id.* at ¶ 108.

Plaintiffs further allege that

> Defendant subjected Plaintiff Godfrey Henneghan to adverse action by: preventing he [sic] and his family from attending a fifth-grade school play shortly after he complained of failures to implement M.H.'s required special education services; threatening to remove M.H. from classes at Kelly Miller Middle School and report Mr. Henneghan to Child Protective Services for child neglect shortly after he complained of failures to implement M.H.'s required special educational services; and by responding to an assault on M.H. inappropriately as alleged in paragraphs 81-90 shortly after he complained of failures to implement M.H.'s required special education services.

*See id.* at ¶ 109.

Finally, Plaintiffs contend that, "[o]n information and belief, Defendant took these adverse actions as a direct result of, and in retaliation for, Mr. Henneghan's advocacy on M.H.'s behalf."

*See id.* at ¶ 110.

Since neither the ADA nor the Rehabilitation Act has its own statute of limitations, courts apply the District of Columbia's three-year personal injury statute of limitations to non-employment-related claims under these statutes. *See Di Lella v. Univ. of Dist. of Columbia David A. Clarke Sch. of Law*, 570 F. Supp. 2d 1, 7 n.9 (D.D.C. 2008) (citations omitted). Plaintiffs filed their original complaint on December 3, 2007. Therefore, any claim that accrued prior to December 3, 2004, is barred by this three-year statute of limitations. Counts 1 and 2 of Plaintiffs' amended complaint are based on several discrete acts of discrimination, some of which are without and some of which are within this three-year period. Each discrete act of discrimination constitutes a separate claim of discrimination. Therefore, to the extent that a particular act of discrimination occurred prior to December 3, 2004, a claim for discrimination based on that act is time-barred. Likewise, Count 3 of Plaintiffs' amended complaint is based on several discrete acts of retaliation. Again, each discrete act of retaliation constitutes a separate claim of retaliation. Therefore, to the extent that a particular retaliatory act occurred prior to December 3, 2004, a claim for retaliation that is based on that act is time-barred.[3]

Accordingly, after carefully considering the parties' submissions and oral arguments and for the above-stated reasons as well as the reasons the Court stated during the conference, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiffs' amended complaint is

---

[3] To the extent that Plaintiffs would argue that these individual acts of discrimination and retaliation are part of a continuing violation of the ADA and Rehabilitation Act, such an argument would be without merit. *See Long v. Howard Univ.*, 512 F. Supp. 2d 1, 16 (D.D.C. 2007) (holding that the continuing violation doctrine does not apply to such claims) (citations omitted).

**GRANTED in part and DENIED in part**; and the Court further

      **ORDERS** that, to the extent that Counts 1 and 2 of Plaintiffs' amended complaint include discrete acts of discrimination that occurred prior to December 3, 2004, any claims based on those discriminatory acts are **dismissed as time-barred**; and the Court further

      **ORDERS** that, to the extent that Count 3 of Plaintiffs' amended complaint includes discrete acts of retaliation that occurred prior to December 3, 2004, any claims based on those retaliatory acts are **dismissed as time-barred**; and the Court further

      **ORDERS** that Plaintiffs' motion to hold this case in abeyance pending the outcome of Plaintiffs' administrative proceeding is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: March 16, 2012
       Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Court Judge